IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BREANNA BACHMANN, )
)
        Plaintiff, )
)
    v. ) Civil Action No. 18-238-E
)
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

O R D E R

AND NOW, this 28th day of August, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on February 21, 2019,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on January 22, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**     **Background**

On May 25, 2012, Plaintiff Breanna Bachmann filed an application for child's disability insurance benefits and, on August 6, 2012, protectively filed a claim for supplemental security

income under Title XVI of the Social Security Act. Specifically, Plaintiff claimed that she became disabled on January 1, 2010, due to bipolar disorder, heart problems, tachycardia and bradycardia syncope, and ADHD. (R. 141).

After being denied initially, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on August 15, 2013. (R. 32-44). In a decision dated September 3, 2013, the ALJ denied Plaintiff's request for benefits. (R. 14-31). After the Appeals Council denied Plaintiff's request for review on June 18, 2014, Plaintiff appealed to the United States District Court for the Western District of New York, which remanded the case back to the Agency on March 2, 2015. (R. 1-4, 567-72). In its August 20, 2015 Order following the District Court's remand, the Appeals Council vacated the ALJ's order. (R. 571). The Appeals Council noted that Plaintiff had filed subsequent electronic claims for disability insurance benefits under Title II, 42 U.S.C. §§ 401 et seq., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 et seq., on July 23, 2014, and it ordered the ALJ to consolidate the claim files, create a single electronic record, and issue a new decision on the consolidated claims. (R. 572).

In a decision dated April 30, 2018, the ALJ again denied Plaintiff's request for benefits. (R. 480-94). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.     **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239

F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment ("Listing"). See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a Listing, a finding of disability is automatically directed. If the claimant does not meet a Listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

## III.    The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since January 1, 2010, the alleged onset date. (R. 483). The ALJ also found that Plaintiff met the second requirement of the process insofar as she has certain severe impairments, specifically, neurocardiogenic syncope, borderline personality disorder, PTSD and depression. (R. 484). The ALJ further concluded that Plaintiff's impairments did not meet any of the Listings that would satisfy Step Three. (R. 484).

The ALJ next found that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with certain additional limitations. (R. 487). At Step Four, the ALJ found that Plaintiff has no past relevant work, and moved on to Step Five. (R. 492). The ALJ consulted a vocational expert ("VE") to determine whether or not a significant number of jobs exist in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, work experience and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as housekeeper cleaner, mailroom clerk—non-postal, and stock checker. (R. 493). Accordingly, the ALJ found that Plaintiff is not disabled. (R. 494).

5

**IV.     Legal Analysis**

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, because the Court finds that the ALJ did not properly explain the basis for his determination that Plaintiff's impairments did not meet or medically equal the severity of the Listings at Step Three of the sequential evaluation process, the Court cannot find that the ALJ's decision is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

The Listings operate as a regulatory device used to streamline the decision-making process by identifying claimants whose impairments are so severe that they may be presumed to be disabled. See 20 C.F.R. §§ 404.1525(a), 416.925(a). A claimant has the burden of proving a presumptively disabling impairment by presenting medical evidence that meets all of the criteria of a listed impairment or is equal in severity to all of the criteria for the most similar listed impairment. See 20 C.F.R. §§ 404.1526, 416.926. In the present case, Plaintiff claims that she has an impairment that meets the requirements of Listing 4.05, "Recurrent arrhythmias," which are:

> not related to reversible causes, such as electrolyte abnormalities or digitalis glycoside or antiarrhythmic drug toxicity, resulting in uncontrolled (see 4.00A3f), recurrent (see 4.00A3c) episodes of cardiac syncope or near syncope (see 4.00F3b), despite prescribed treatment (see 4.00B3 if there is no prescribed treatment), and documented by resting or ambulatory (Holter) electrocardiography, or by other appropriate medically acceptable testing, coincident with the occurrence of syncope or near syncope (see 4.00F3c).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.05.

When the Appeals Council vacated the first ALJ decision, it based its decision, in part, on the need for resolution of whether Plaintiff has an impairment that meets Listing 4.05. (R. 571-72). In its remand order, the Appeals Council explained that, although the ALJ had found Plaintiff's neurocardiogenic syncope to constitute a severe impairment, he nevertheless failed to evaluate whether that impairment meets or equals Listing 4.05. (R. 571). The Appeals Council's remand order then provided a list of specific evidence from the record that it found to be relevant to the determination of whether Plaintiff's impairment meets Listing 4.05. In particular, the Appeals Council explained that the record included evidence of a tilt table test which revealed syncope, an instance when doctors had noted possible prolonged QT, and multiple instances of ER treatment for episodes of syncope or seizures, including episodes that had occurred in July 2012, February 2013, April 2013, May 2013, and July 2013. (R. 571). The Appeals Council's remand order then instructed the ALJ to evaluate whether Plaintiff's cardiac impairment meets or equals Listing 4.05. (R. 572).

On remand, the ALJ plainly stated at Step Three of his analysis that Plaintiff's impairment does not meet the criteria of Listing 4.05. (R. 485). The only rationale the ALJ provided for this conclusion, however, was that Plaintiff's impairment does not meet the definition of that Listing that is provided in the regulations, and he cited to a single page from the record (34F/2) without supplying any additional explanation or discussion. (R. 485). Remarkably, despite the remand order that identified specific evidence that the Appeals Council found to be relevant to the determination of whether Plaintiff's impairment meets Listing 4.05, the ALJ did not discuss any of that evidence, nor did he discuss any other evidence in support of his conclusion that Plaintiff does not meet that Listing. Instead, the ALJ simply proceeded through the sequential analysis.

Plaintiff, therefore, argues that the ALJ erred by failing to identify and discuss the specific evidence upon which he relied in finding that Plaintiff's impairment does not meet the requirements of Listing 4.05. Upon review of the evidence of record, including the order from the Appeals Council remanding the case, the Court agrees that, as the Appeals Council previously found, the record does in fact contain evidence that is potentially supportive of the Listing 4.05 criteria. The tilt table test revealing syncope, the notation of possible prolonged QT, and the multiple episodes of syncope or seizures are all evidence relevant to determining whether Plaintiff's impairments meet Listing 4.05. While the ALJ was not required to find that such evidence proves that Plaintiff's impairment meets that Listing, without adequate discussion of this evidence, it is not clear to the Court whether such evidence was considered but rejected, or whether it was considered at all. The Court further observes that, although some of the evidence that was flagged by the Appeals Council was noted briefly at later steps in the ALJ's analysis, the ALJ did not discuss that evidence in detail, nor did he evaluate whether that evidence supports the requirements of Listing 4.05.

The Court thus finds that the ALJ's analysis lacks clarity as to whether the ALJ considered evidence potentially supportive of a finding that Plaintiff's impairments meet Listing 4.05. Further, it is not apparent whether the ALJ considered such evidence and found that it did not, in fact, show that Plaintiff meets that Listing, or whether the ALJ simply failed to consider the evidence altogether in this context. It is therefore unclear whether all the relevant evidence of record was considered at Step Three. Because consideration of all relevant evidence is critical in determining whether or not Plaintiff meets Listing 4.05, the Court finds that remand is required to more thoroughly, and accurately, discuss whether Plaintiff meets that Listing.

Because the Court finds that the ALJ's discussion and evaluation of whether Plaintiff's impairment meets or medically equals Listing 4.05 are insufficient in this case, the Court also finds that the ALJ's decision is not supported by substantial evidence. While the ALJ is certainly permitted to find that Plaintiff does not meet any of the Listings, the Court finds that the ALJ's justification for such conclusion, which includes minimal discussion regarding Listing 4.05 despite the Appeals Council's instructions on remand, is simply insufficient here. Thus, remand is again required to allow for discussion as to the ALJ's evaluation of the evidence in this regard, along with his ultimate decision in Plaintiff's case.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinion and medical evidence presented in the record. Further, the ALJ should verify that his conclusions concerning Plaintiff's RFC—as well as his findings regarding the credibility of all of Plaintiff's symptoms—are fully explained, in order to eliminate the need for any future remand.

## V. Conclusion

In short, because the ALJ failed to properly discuss the evidence of record concerning whether Plaintiff's impairments meet or medically equal the criteria for the Listings, the Court finds that substantial evidence does not support the ALJ's determination in that regard or his ultimate decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf:  Counsel of record